RICHARD A. CANATELLA (SBN 53264)
Cotter & Del Carlo
4610 Mission Street, Fourth Floor
San Francisco, CA 94112
(415) 584-5446
(415) 584-5447 FAX

DAVID R. OLICK (SBN 72152)
3450 Sacramento Street, No. 509
San Francisco, CA 94118
(707) 750-1005
(925) 401-9419 FAX

Attorneys for Plaintiff David M. Curley, Sr.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID M. CURLEY, SR., | No. CV 13-03805-NC |
| Plaintiff, | PLAINTIFF'S EVIDENTIARY OBJECTIONS FOR MOTION FOR SUMMARY JUDGMENT |
| v. | |
| WELLS FARGO & COMPANY, a corporation; WELLS FARGO BANK, N.A., a subsidiary of Wells Fargo & Company, Inc., WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., THE FEDERAL HOME LOAN MORTGAGE CORPORATION, AND DOES 1-10, | Date: July 22, 2015<br>Time: 1:00 p.m.<br>Courtroom: D, 15th Floor<br>Judge: Hon. Nathanael M. Cousins<br><br>Notice of Removal August 16, 2013<br>Trial Date: August 31, 2015 |
| Defendants. | |

1. <u>Declaration of Alisha R. Mulder in Support of Motion for Summary Judgment.</u>

As to each paragraph and each of the exhibits: Objected to on lack of foundation and lack of authentication Fed. Rule of Evidence 902(11), 803(6).

**Business Records Foundation:**

This is apparently an attempt to assert a foundation under the business records rule. Under Rule 902(11) the declarant must be the custodian of the records or other "qualified person". This declarant is unknown, we don't know who she is, who she works

**Evidentiary Objections**                                            1

for or what her job is.   We don't know whether she has knowledge of when the materials were made, how she knows they were kept in the regular course of business or as a regular practice.   The Custodian or other "qualified"  witness has to show "...sufficient knowledge of the record keeping system..... [and] the creation and maintenance of the of the records" *Rambus, Inc. v. Infineon Technologies* AG 348 F. Supp 698 (E. D. Va. 2004) Counsel can give lip service only to the four requirements for admissibility but that cannot give Wells Fargo the right to a judgment.  See *United States v. Atlas Lederer Co.*, 282 F.Supp.2d 687, 696. (S.D. Ohio 2001) In Rambus, the court threw out almost all the declarations submitted for not meeting the standards. She becomes neither the Custodian nor a qualified person by these conclusory self-serving statements.  This witness was switched from Weatherly who Mr. Canatella had to go to Iowa to depose.

Authentication:

　　　A trial court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181* (9th Cir. 1988). Authentication is a "condition precedent to admissibility," and this condition is satisfied only by "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Fed. R. Evid. 901(a)*.  Unauthenticated documents cannot be considered in a motion for summary judgment. See *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1989); *Beyene, 854 F.2d at 1182; Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976).

In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada*, 831 F.2d at 925 (citation omitted). *Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002) (footnotes

omitted); see *Las Vegas Sands, LLC v. Nehme,* 632 F.3d 526, 532-33 (9th Cir. 2011) (following Orr).

A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so.'" *Or*r, 285 F.3d at 774 n.8 (quoting 31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106, 43 (2000)). Even though Ms. Moore attempts to authenticate the exhibits under *Federal Rule of Evidence 901(b)(1)* based on her personal knowledge, it does not appear pear that any of the exhibits are ones that she wrote, signed, used, or saw others write, or sign. (See and the cases cited therein.) They are not authenticated and cannot be used over objection. For example, she did not write or receive any of the documents are attached as exhibits. They are not authenticated and cannot be used over objection. Wells Fargo required Mr. Canatella to go to Iowa to take the deposition of Ms. Weatherly a disclosed witness. It was revealed that she did not qualify to authenticate nor to be a custodian or other qualified witness.

Rule 26(a) Objection.

Mr. Canatella had to go to Iowa to depose Ms. Weatherly and when it was revealed that she does not qualify, they switched her. We now have Ms. Mulder in apparently the same position. She discusses the facts of the case. It reads at times like an expert declaration and at other times like a declaration of a percipient witness. Under either designation she does not qualify.

This objection goes to the Mulder Declaration Exhibits A, B, C, and D.

2. <u>Declaration of Yvonne Wheeler in Support of Motion for Summary Judgment.</u>

As to each paragraph and each of the exhibits: Objected to on lack of foundation and lack of authentication Fed. Rule of Evidence 902(11), 803(6).

She says she is the Custodian of Records for CWR Corporation. However, she speaks as a percipient witness with information that goes beyond the documents. The foundation as required under the authorities quoted above is not there.

Exhibit A looks like a Notice of Default from the County Recorder's office. She is

**Evidentiary Objections**                       3

1  not the Custodian of County records.   It would have taken very little effort to get a

2  certified copy from the County Recorder but this was not done.

3      Absent a certified copy it is not authenticated.

4      Exhibits B and C are each a series of documents that are not relevant; the

5  mechanics of the sale are not at issue.

6      Exhibits D and E.  are not relevant.

9  3.  OBJECTIONS TO THE REQUEST FOR JUDICIAL NOTICE.

10     The are listed in the declaration of Evelyna Manukian asking for judicial notice.

11     Defendants request the Court take judicial notice of various documents, including pleadings and other documents filed in a related state court action entitled *Curley v. Wells Fargo Bank etcl*., San Mateo County Superior Court, CIV 497844. The request must be denied because the San Mateo County action was voluntarily dismissed without prejudice and dismissed by the court without prejudice on July 11, 2013. See Declaration of Richard Canatella, Exhibit A.  When the action was dismissed it is as if it never existed. *See Bonneville Assoc. Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999) ("The rule in the federal courts is that '[t]he effect of a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' " (citations omitted)); *Frazer v. United States*, 49 Fed. Cl. 734, 736 (2001) (where the earlier case no longer pending, later time-barred action "stands alone" and does not relate back to earlier suit). Defendants concede this is the effect of plaintiff's voluntary state court dismissal without prejudice. Dkt No. 93 at 28:10-17.

25     Rule 41(a)(1) provides plaintiffs "an absolute right to dismiss without prejudice." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). To be effective "no action is required on the part of the court"; rather, it is the filing of the notice itself that closes the

**Evidentiary Objections**                              4

file. Id. The Tenth Circuit concludes:

> ... *There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play....* There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41 (a)(1)[(A)](i)] is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

Id. (quoting *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (emphasis added); *accord Netwig v. Ga.-Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004). Therefore, where defendants concede that plaintiff filed a request for dismissal of the San Mateo County action then that action is terminated without prejudice here pursuant to *Janssen*, 321 F.3d at 1000. California state law is the same; the dismissed action is a nullity.

Since the San Mateo County proceedings are in legal effect a nullity this Court cannot judicially notice those proceedings. T*he court may not judicially notice the truth of the disputed facts contained in such a document*. *Lee*, 250 F.3d at 689. Because the foregoing exhibits are offered to establish disputed facts (i.e., whether plaintiff or counsel ever received any of the exhibit documents; and there is no authentication of the exhibits by someone with personal knowledge who can testify under oath that the documents were made available to plaintiff or counsel and when they were made available. The documents also contain material alterations without explanation. Finally, the documents are inadmissible;

A court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). A court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). *But the Court may not take judicial notice of the veracity of any arguments or facts presented in the documents subject to judicial notice. See Wyatt v.*

**Evidentiary Objections**                          5

*Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003) (factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein); *M/V American See Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983),a court may take judicial notice of court records, but it may not take judicial notice of the truth of the contents of documents found therein).

    Counsel does not seem to distinguish the difference between judicial notice (of facts) and a Custodian's foundation for business records. Also, the foundation and authentification required for official records is not provided. Counsel can assert that various documents exist in the Recorder's office but that is not a certification declaration from the Recorder.

    Exhibits A, B, C, D and E, which are multiple documents in several cases, cannot be judicially noticed for their contents.

DATED: June 26, 2015                            /s/David R. Olick
                                                            DAVID R. OLICK
                                                            Attorney for Plaintiff